UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALCOLM JEMMOT,

Plaintiff,

-against-

NYS CHILD SUPPORT PROCESSING CENTER; KATHRYN A. BAUR SUPPORT MAGISTRATE; NEW YORK CITY CHILD SUPPORT ENFORCEMENT; CHILD SUPPORT AGENCY; DEPARTMENT OF TAXATION AND FINANCE,

Defendants.

1:25-CV-6636 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff Malcom Jemmot, appearing *pro se*, brings this action asserting that his federal constitutional rights have been violated.[1] He sues: (1) NYS Child Support Processing Center ("NYSCSPC"), which appears to be a subdivision of the New York State Division of Child Support Services; (2) Kathyrn A. Baur, Support Magistrate of the New York Family Court, Kings County; (3) "New York City Child Support Enforcement," which the Court understands to be the Office of Child Support Services ("NYCOCSS") of the New York City Human Resources Administration; (4) "Child Support Agency," which the Court also understands to be the NYCOCSS; and (5) the New York State Department of Taxation and Finance ("NYSDOTF").

[1] Under Rule 5.2(a)(1) of the Federal Rules of Civil Procedure, a court submission that refers to a person's Social Security number must do so by revealing only the last four digits of that number. *See* Fed. R. Civ. P. 5.2(a)(1). A court filer that reveals their own protected information in a court submission waives the protection of that rule. *See* Fed. R. Civ. P. 5.2(h). Because Plaintiff's complaint reveals the complete Social Security numbers of persons other than a court filer in this action, in an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to the complaint.

The Court construes Plaintiff's complaint as asserting claims of federal constitutional violations under 42 U.S.C. § 1983 and claims under state law. Plaintiff seeks $2,000,000 in damages.

By Order dated August 19, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, leave to proceed without prepayment of fees. (ECF 5.) For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint.[2] Plaintiff has attached to his complaint copies of documents issued by the New York Family Court, Kings County, including orders

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

issued by Support Magistrate Baur regarding Plaintiff's child support obligations that appear to have been, at times, suspended and reinstated by Support Magistrate Baur. (ECF 1, at 20-37.) He has also attached to his complaint copies of documents issued by the NYSCSPC regarding his child support obligations. (*Id.* at 8-19.)

Plaintiff asserts that his "14th and [his] 5th and Due Process [r]ights" have been violated. (*Id.* at 2.) He also states the following: "Child support was declared unconstitutional by the Supreme Court by ruling for violating the separations of powers Artic[le] 3 Section 1 and that collection is a violation of probable cause the full faith and credit clause also applies to this case." (*Id.* at 5.)

## DISCUSSION

### A. Domestic-Relations Abstention Doctrine

To the extent that Plaintiff asks this court, under its federal question jurisdiction, to determine that he does not have a current child support obligation, or any child support arrears, the Court must dismiss those claims. Federal district courts must abstain from exercising federal question jurisdiction over claims involving domestic relations issues, so long as those claims may be fully and fairly determined in the state courts. *See Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990). For example, a federal district court must abstain from exercising its federal question jurisdiction over claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child." *Id.* (internal quotation marks and citation omitted); *see also Deem v. DeMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) ("[T]he domestic relations *abstention* doctrine articulated in *American Airlines* [applies with respect to a federal court's federal-question jurisdiction].") Courts have held that this abstention doctrine applies "when a federal district court is asked, under its federal question jurisdiction, to

determine child support or modify a previously determined child support amount set by a state court." *Goodwin v. Bronx Family Court*, No. 1:24-CV-4103 (LTS), 2024 WL 4168348, at *4 (S.D.N.Y. Sept. 9, 2024) (citing cases); *see also Williams v. Scott*, No. 24-CV-4719, 2025 WL 1371664, at *3-4 (E.D.N.Y. May 12, 2025) (quoting *Goodwin*, 2024 WL 4168348, at *4, and (citing cases)). "Indeed, [d]omestic relations is an area of law that federal courts and Congress leave almost exclusively to state law and state courts. This exception also extends to child support determinations and the enforcement thereof." *Williams v. Lafler*, No. 25-CV-4263, 2025 WL 2576678, at *3 (E.D.N.Y. Sept. 5, 2025) (citations and internal quotation marks omitted)).

Plaintiff does not provide sufficient facts to allow the Court to conclude that the state court cannot fully and fairly litigate the issue of whether Plaintiff has a current child support obligation, including any child support arrears. Thus, to the extent that Plaintiff asks this Court to determine that he does not have a child support obligation, including any arrears, the Court dismisses any such claims for relief under federal law pursuant to the domestic relations abstention doctrine. *See* Fed. R. Civ. P. 12(h)(3).

**B. Eleventh Amendment**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F. 3d 355, 366 (2d Cir. 2009) (internal quotation marks, alterations, and citation omitted). The immunity recognized by the Eleventh Amendment "extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of the state" *Id.* (alteration and citation omitted). The Court dismisses Plaintiff's Section 1983 claims against the NYSCSPC and the NYSDOTF—two New York State agencies—under the doctrine of Eleventh Amendment immunity, for lack of subject-matter jurisdiction and for seeking monetary relief from

Defendants that are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. 12(h)(3); *Gerken v. Gordon*, No. 1:24-CV-0435, 2024 WL 4608307, at *7 (N.D.N.Y. Oct. 29, 2024) (NYSCSPC), *report & recommendation adopted*, 840 F. Supp. 3d 136 (N.D.N.Y. Dec. 6, 2024), *aff'd*, No. 24-3336, 2025 WL 2847429 (2d Cir. Oct. 8, 2025) (summary order); *Greene v. NYS Dep't of Taxation & Fin.*, No. 1:22-CV-5261 (JMF), 2022 WL 17539123, at *1 (S.D.N.Y. Dec. 8, 2022) (NYSDOTF).

**C. Judicial Immunity**

The Court dismisses Plaintiff's Section 1983 claims against Support Magistrate Baur in her individual capacity, arising from her decisions in proceedings in the New York Family Court, Kings County, regarding Plaintiff's child support obligations. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F. 3d 204, 210 (2d Cir. 2009. Because Plaintiff sues Support Magistrate Baur for acts arising out of, or related to, individual cases before her, the Court dismisses those claims under the doctrine of judicial immunity, as frivolous and for seeking monetary relief from a Defendant that is immune from such relief. *See* § 1915(e)(2)(B)(i), (iii); *Francois v. Richman*, No. 25-1237, 2026 WL 852231, at *1-2 (2d Cir. Mar. 27, 2026) (summary order) (New York Family Court Support Magistrate enjoys judicial immunity), *cert. denied.*, No. 25-5140, 2026 WL 2976436 (Oct. 5, 2026); *see also Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

**D. Claims Under State Law**

A federal district court may decline to exercise supplemental jurisdiction over state law claims when it has dismissed all claims over which it has original jurisdiction. 28 U.S.C.

§ 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed all of the claims over which the Court has original subject matter jurisdiction, the Court declines to exercise its supplemental jurisdiction over any claims under state law that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of [Section] 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E. Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Because Plaintiff cannot cure the defects in his complaint with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this Order. The Court principally dismisses Plaintiff's claims under 42 U.S.C. § 1983 under the domestic relations abstention doctrine. *See* Fed. Civ. P. 12(h)(3). The Court also dismisses Plaintiff's Section 1983 claims against the NYSCSPC and the NYSDOTF under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction and for seeking monetary relief from Defendants that are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. 12(h)(3). The Court further dismisses Plaintiff's Section 1983 claims against Support Magistrate

Baur in her individual capacity under the doctrine of judicial immunity, as frivolous and for seeking monetary relief from a Defendant who is immune from such relief. *See* § 1915(e)(2)(B)(i), (iii). The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment dismissing this action for the reasons set forth in this Order.

The Court further directs the Clerk of Court to mail a copy of this Order to any self-represented party who has not consented to e-service or who has not been granted e-filing privileges.

SO ORDERED.

Dated: November 17, 2026
New York, New York

/s/ Kimba M. Wood

KIMBA M. WOOD
United States District Judge